AO 91 (Rev. 02/09) Criminal Complaint

# United States District Court
**for the**
**Western District of New York**

**United States of America**

**v.**

**Case No. 21-MJ-1010**

**EDUARDO FLORES, JR.**

*Defendant*

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about August 24, 2020, in the Western District of New York, the defendant, EDUARDO FLORES, JR., did willfully injure and commit a depredation against property of the United States and of a department and an agency thereof, that is, an office cubicle belonging to the United States Border Patrol, by spraying and pouring a substance throughout an office cubicle located within the United States Border Patrol Station in Tonawanda, New York, all in violation of Title 18, United States Code, Section 1361.

This Criminal Complaint is based on these facts:

☒ Continued on the attached sheet.

*Complainant's signature*
MATTHEW R. GUNNARSON
SENIOR SPECIAL AGENT
U.S. CUSTOMS AND BORDER PROTECTION
*[Printed nam]e and title*

Sworn to telephonically.

Date: January 12, 2021

*Judge's signature*
HONORABLE JEREMIAH J. MCCARTHY
UNITED STATES MAGISTRATE JUDGE
*Printed name and title*

City and State: Buffalo, New York

**AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT**

I, Matthew R. Gunnarson, being duly sworn, depose and state that:

1. I am a Senior Special Agent with the United States Customs and Border Protection (CBP) Office of Professional Responsibility (OPR) and have been employed as a Special Agent for over 15 years. As a member of CBP, I investigate crimes against the United States involving firearms, controlled substances, and immigration violations. During my career, I have also participated in investigations involving a wide variety of state and local criminal violations. Prior to joining CBP, I was a Special Agent with the United States Secret Service, investigating crimes involving counterfeit currency and other financial instrument crimes.

2. I make this affidavit in support of a criminal complaint charging the defendant, Eduardo FLORES, Jr., with violating Title 18, United States Code, Section 1361, which states: Whoever willfully injures or commits any depredation against any property of the United States, or of any department or agency thereof, or any property which has been or is being manufactured or constructed for the United States, or any department or agency thereof, or attempts to commit any of the foregoing offenses, shall be punished as follows: If the damage or attempted damage to such property exceeds the sum of $1,000, by a fine under this title or imprisonment for not more than ten years, or both; if the damage or attempted damage to such property does not exceed the sum of $1,000, by a fine under this title or by imprisonment for not more than one year, or both.

3. The statements in this affidavit are based upon information provided to me by other CBP agents, witness interviews, video surveillance collected by CBP, and my personal participation in the investigation of this matter. Because this affidavit is being submitted for the limited purpose of obtaining a criminal complaint, I have not included each and every fact known to me. I have set forth only the facts that I believe are necessary to establish probable cause that the defendant violated the above-referenced statute.

4. On August 27, 2020, Supervisory Border Patrol Agent (SBPA) Brandon Steele returned to work at the United States Border Patrol Station in Tonawanda, New York after three days off from work. SBPA Steele noticed an unpleasant scent within his cubicle space at the Border Patrol Station.

5. A review of the video surveillance footage located inside the Tonawanda Border Patrol Station revealed that, on August 24, 2020, an individual who fits the description of now former Border Patrol Agent (BPA) Eduardo FLORES, Jr., entered SBPA Steele's cubicle space and began to spray/pour a substance throughout the cubicle and over SBPA Steele's belongings. FLORES continued this action for approximately one minute, at which he is then seen exiting the cubicle. FLORES retired from the Border Patrol effective August 28, 2020. His last day in the Tonawanda Border Patrol Station was August 24, 2020.

6. The United States Border Patrol Station is located at 600 Colvin Woods Parkway in Tonawanda, New York. The Border Patrol Station consists of a single-story stand-alone building. The Border Patrol Station is property within the legal possession of the United States Border Patrol and the United States Government.

7. On August 31, 2020, I responded to the Tonawanda Border Patrol Station and examined SBPA Steele's cubicle. Immediately upon entering SBPA Steele's cubicle, I

smelled a strong, pungent odor emanating from the entire cubicle that, based on my professional experience, smelled like urine. I then physically smelled SBPA Steele's desk, office chair, keyboard, and shelving, and noticed an odor emanating from all of these items that, based on my professional experience, smelled like urine. SBPA Steele's cubicle space, including the desk, office chair, keyboard, shelving, panels, and carpet, are all property within the legal possession of the United States Border Patrol and the United States Government. In addition to the government property that I inspected, the same odor was emanating from all of SBPA Steele's personal (non-governmental property) belongings that I inspected, to include his Border Patrol uniform, boots, personal text books, and personal picture frames.

8. On August 31, 2020, the video surveillance footage was shown to SBPA Steele, who positively identified the individual who is seen entering his cubicle and spraying/pouring a substance throughout his cubicle and on his belongings as FLORES. SBPA Steele stated that, based on his professional experience, he believes the liquid that was sprayed in his cubicle was urine.

9. On September 2, 2020, the video surveillance footage was shown to Patrol Agent in Charge (PAIC) Jeffrey Wilson, who positively identified the individual who is seen entering SBPA Steele's cubicle and spraying/pouring a substance throughout his cubicle and on his belongings as FLORES. PAIC Wilson stated that, based on his experience, he believes the liquid that was sprayed in SBPA Steele's cubicle was urine.

10. On September 2, 2020, the video surveillance footage was shown to Deputy Patrol Agent in Charge (DPAIC) David Banks, who positively identified the individual who is seen entering SBPA Steele's cubicle and spraying/pouring a substance throughout his cubicle and on his belongings as FLORES. DPAIC Banks stated that, based on his

professional experience, he believes the liquid that was sprayed in SBPA Steele's cubicle was urine.

11. On September 2, 2020, the video surveillance footage was shown to SBPA Brendan Pender, who positively identified the individual who is seen entering SBPA Steele's cubicle and spraying/pouring a substance throughout his cubicle and on his belongings as FLORES. SBPA Pender stated that, based on his experience, he believes the liquid that was sprayed in SBPA Steele's cubicle was urine.

12. On September 2, 2020, I interviewed BPA Jack Cockerel, who provided a sworn statement that on Monday, August 24, 2020, he was in the breakroom at the Tonawanda Border Patrol Station when FLORES exited the nearby locker room carrying a small white spray bottle. BPA Cockerel stated that FLORES then stated: "I am going to spray this (the contents of the white bottle) in Mr. Steele's cube," or something similar to that effect. BPA Cockerel stated that he was told by FLORES that he (FLORES) was going to go back to SBPA Steele's cubicle to spray the contents of the white bottle. BPA Cockerel stated that, later that night (Monday August 24, 2020), he went back to his own cubicle and could immediately smell a pungent odor coming from the vicinity of SBPA Steele's cubicle. BPA Cockerel explained that when he entered his own cubicle, he could smell the "pungent" odor emanating from SBPA Steele's cubicle, adding that the air was "really bad." BPA Cockerel stated that, upon smelling the odor in his own cubicle, he then asked FLORES if he (FLORES) sprayed that "stuff" in his (BPA Cockerel's) cubicle also, to which FLORES responded, "I did not."

13. On September 2, 2020, I interviewed BPA Benjamin Keyser, who provided a sworn statement that on August 24, 2020, FLORES approached him and stated, "Here, I

have something for you," or something similar to that effect. BPA Keyser stated that FLORES then handed him a blue surgical glove, and inside the blue glove was a small, white spray bottle that was, according to BPA Keyser, approximately half empty. BPA Keyser stated he immediately told FLORES that he did not want the bottle, and threw it in the garbage can located in a nearby cubicle.

14. In order to restore SBPA Steele's cubicle to the condition it was in prior to it being damaged by FLORES by removing the foul odor from the cubicle and its components, the Border Patrol hired and paid a cleaning company $458.17 to clean the cubicle, including the desk, panels, office chair, shelving, and carpet within the cubicle. The cleaning company cleaned the cubicle on or about September 2, 2020. The cubicle, including the desk, panels, office chair, shelving, and carpet within the cubicle, is property within the legal possession of the United States Border Patrol and the United States Government.

**Conclusion**

15. Based upon the foregoing, your affiant respectfully submits that there is probable cause to believe that the defendant, Eduardo FLORES, Jr. did violate Title 18, United States Code, Section 1361.

Matthew R. Gunnarson
Senior Special Agent
Customs and Border Protection

Sworn to telephonically
this 12th dav of Januarv, 2021

HON. JEREMIAH J. MCCARTHY
UNITED STATES MAGISTRATE JUDGE